JOHN W. LEIGHTON & another *vs.* GEORGE W. MESERVE.

Suffolk.  Nov. 13, 1874. — Jan. 13, 1875.  WELLS & DEVENS, JJ., absent.

At the time of the conveyance by M. to L. of one of eleven houses then building it was agreed that L., in payment therefor, should furnish marble work for all the houses to a certain value, and that M. should have the house sold to L. completed by a day named, or in default thereof should forfeit and pay to him the sum of $10 for each day it thereafter remained unfinished.  As a part of the same transaction, it was agreed that a mortgage then given by L. for the fulfilment of his agreement should be discharged on the performance of his agreement, and that if M. finished the house conveyed on the day named, L. should give a bond for the portion of the price thereof then unpaid.  The parties acted under this agreement until a month after the day named for the completion of the house, when the mortgage was discharged and L. gave a bond of the tenor agreed upon.  L. failed to furnish the marble work as agreed.  *Held*, in an action for breach of the condition of the bond, that the fact that M. had also failed to perform his agreement afforded no defence to the action against him, and that his remedy was by a cross-action.

PETITION FOR REVIEW.  At the hearing of the petition, before *Brigham*, C. J., the only matter in issue between the parties was the validity of an award, the legal effect of the facts therein found, and the questions of law stated by the referee who made the same, and it was agreed, that upon the determination of these questions of law, subject to the exception of either party, this petition should depend.

The judge sustained the rulings and findings of the referee and ruled for the plaintiff on the questions of law, that the said award was valid, and that the petitioners had no defence in law to the award upon its findings and rulings, and directed that the petition be dismissed.  The respondent alleged exceptions.  The facts of the case, so far as material, appear in the opinion of the court.

*F. Goodwin*, for the petitioners.

*B. E. Perry*, for the respondent.

MORTON, J.  The original action is an action upon a bond, the condition of which is that Leighton should furnish marble work for six houses, in accordance with the contract previously made between the parties.  The original defendant admits that he has not furnished any of the marble work called for by the bond and contract, and attempts to justify his refusal to do so upon the ground that Meserve had not finished the house conveyed by him

to Leighton, according to his agreement in the contract. This ground can only be sustained upon the assumption that the performance by Meserve of his agreement was a condition precedent to the performance by Leighton of his undertaking to furnish marble work. But upon an examination of the contract and the relations of the parties, it is clear that such was not their intention. By the contract, Leighton agreed to furnish marble work to the amount of $6000 for a block of eleven houses according to certain specifications, in payment for a house conveyed to him by Meserve, at the time the contract was made ; and as a further consideration, Meserve entered into an executory agreement, embodied in the contract, that he would finish the house thus conveyed within a limited time. Thus Meserve paid Leighton in advance the greater part of the consideration of his agreement, and the contract plainly contemplates that Leighton is to go forward furnishing the marble work before the time at which Meserve agreed to have the house finished. Both agreements were executory, to be performed in the future, and it was the intention of the parties that the work under both should go on at the same time, and such was the construction practically adopted by both of the parties. The fact therefore that Meserve has not fully performed his agreement is not a bar to his action, but Leighton's remedy is, the one he has in fact adopted, a cross-action for the breach of such agreement. The ruling of the referee upon this point was correct. We have considered this question upon the theory adopted by the original defendant, that the bond in suit was not an independent contract, but was in substance merely a guaranty of the original contract. We have not deemed it necessary to consider whether this theory is correct, because, if it is, the ground taken by the defendant cannot prevail. The objection to the other ruling of the referee is not insisted on.

As there was no error in law in the rulings of the referee, the plaintiff is entitled to judgment upon his award.

*Exceptions overruled.*